42 A.3d 247 (2012)
425 N.J. Super. 590
DOCK STREET SEAFOOD, INC., Plaintiff-Appellant, and
Mikalu, LLC, Plaintiff,
v.
CITY OF WILDWOOD, Defendant-Respondent, and
K. Hovnanian Shore Acquisitions, LLC, Defendant.
Docket No. A-4411-10T4
Superior Court of New Jersey, Appellate Division.
Argued January 19, 2012.
Decided May 18, 2012.
*248 Frank L. Corrado, Wildwood, argued the cause for appellant (Barry, Corrado, Grassi & Gibson, P.C., attorneys; Mr. Corrado, on the briefs).
Andrew M. Brewer argued the cause for respondent (Maraziti, Falcon & Healey, LLP, and Marcus H. Karavan, PC, attorneys; Mr. Brewer, on the brief).
Before Judges AXELRAD, SAPP-PETERSON, and OSTRER.
The opinion of the court was delivered by
AXELRAD, P.J.A.D.
In this inverse condemnation action involving a property in a redevelopment zone, plaintiff appeals from a judgment in favor of defendant following a bench trial.[1] Judge Michael Winkelstein found plaintiff's failure to file a redevelopment application for its property precluded its inverse condemnation claims and purported comments by individual municipal officials that no building permits would be issued to the property owners did not excuse plaintiff's obligation to exhaust administrative remedies; plaintiff's continued use of the property for the same purpose as when purchased and its rejection of an offer to purchase by the redeveloper belied its claim of destruction of all beneficial use; and defendant's inability to redevelop the area despite diligent attempts did not significantly interfere with plaintiff's property rights. We affirm substantially for the reasons set forth by Judge Winkelstein in his comprehensive written opinion and supplemental letter opinion, which we now publish.
Plaintiff owns block 100, lots 30-40, known as 600 West Baker Avenue (the subject property), which is a vacant parcel adjacent to plaintiff's seafood business operated on West Montgomery Avenue in Wildwood and serving as a buffer between the business and neighboring properties. In 2002, the City's governing body created a redevelopment area that encompassed nineteen private properties, including the subject property and a closed municipal landfill with significant environmental problems, and adopted a conceptual redevelopment plan. Plaintiff's Montgomery Avenue property is not in the redevelopment area. The redevelopment plan called for the City to enter into an agreement with a qualified developer or developers to redevelop the area, but also gave individual property owners the ability to develop their own property by submitting an application.
Within a year, the City designated K. Hovnanian Shore Acquisitions, LLC (Hovnanian) as the developer. However, Hovnanian withdrew from the memorandum of understanding in November 2007, citing, in part, environmental problems and engineering issues and the decline in the housing market in New Jersey and nationwide. About a year later, the City executed an agreement designating SLRD CompanyMullica Hill, LLC (SLRD) as the redeveloper, which agreement provided, in part, that at any time the City could designate up to four individual property owners within the redevelopment area as redevelopers of their own parcels, and SLRD would have no right to those parcels. Unfortunately, however, shortly afterwards SLRD terminated the agreement apparently because *249 it lost its funding. The City continued to seek alternate redevelopers, and ultimately decided to use the land for solar regeneration and exclude residential uses from the landfill property. At the time of trial in February 2011, the City was preparing a request for proposals.
It is undisputed plaintiff never appealed the City's inclusion of its property in the redevelopment area. Nor did plaintiff or a potential purchaser seek to redevelop its own property by submitting a subdivision plan, variance application or CAFRA[2] application, or apply for a building permit. Plaintiff claimed any of these efforts would have been futile based on the City's consistent and affirmative assertion that it would not permit private development in the redevelopment area as expressed by the mayor and a zoning officer, and the City's denial of a building permit to Mikalu, a neighboring property owner in the redevelopment area, who had obtained site plan approval. It is also undisputed plaintiff rejected a November 2005 purchase agreement for $5.4 million for the aggregate of the subject property and its non-redevelopment parcels on Montgomery Avenue, as well as Hovnanian's April 2006 offer to purchase the subject property for $660,000, based on a $220,000 valuation as of the 2002 redevelopment plan adoption.
Plaintiff filed suit in August 2006, claiming the City mishandled the redevelopment project, which imposed a moratorium on private development in the redevelopment area and caused plaintiff to lose the potential sale of its land. Plaintiff sought a judgment that the City had inversely condemned its property. Following an extensive stipulation of facts and a two-day trial, Judge Winkelstein issued a written opinion on March 30, 2011. He found plaintiff's failure to file a redevelopment application for its property precluded its inverse condemnation claims and the "informal discussions with individual municipal officials did not meet plaintiff's obligation to exhaust its administrative remedies in seeking to redevelop the property."
The judge further found plaintiff continued to use the property for the same purpose as when purchased, i.e., a buffer, and failed to establish that Hovnanian's $660,000 offer "was not fair compensation for the property[.]" Moreover, the City "diligently attempted" to redevelop the area following the adoption of the redevelopment plan and "the environmental issues, while daunting, were not sufficient in and of themselves to defeat the plan." The judge concluded plaintiff failed to prove by clear and convincing evidence that the City's actions or inactions "destroyed all beneficial use of its property located in the redevelopment zone."
Accordingly, Judge Winkelstein dismissed plaintiff's inverse condemnation complaint by order of the same date. The judge amplified his discussion regarding the exhaustion of remedies by letter of May 23, 2011, R. 2:5-1(b), relying on our subsequently published opinion in Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J.Super. 103, 118, 30 A.3d 1061 (App.Div.), certif. denied, 208 N.J. 368, 29 A.3d 740 (2011).
On appeal, plaintiff argues: (1) in these unusual circumstances where City officials made "unequivocally clear" that it would not tolerate private development in the redevelopment area, plaintiff's failure to exhaust administrative remedies does not defeat its inverse condemnation claim; (2) the so-called "opt-out" provision in the City's redevelopment plan was a sham because it was not really an opt-out but simply permitted the City to consider allowing *250 an individual property owner to develop its property, and the plan contemplated a single unified and integrated development on the tract, which was directly at odds with individual development of the area; (3) even if as a matter of law plaintiff failed to exhaust its administrative remedies, the City's failure to "turn square corners," F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 426, 495 A.2d 1313 (1985), entitled plaintiff to equitable relief; and (4) the court's finding of the City's diligent effort to have the area developed is contrary to the evidence, which demonstrated the City mismanaged the redevelopment process into a nine-year de facto moratorium on development and perpetrated a taking of plaintiff's property.
Based on our consideration of the arguments of counsel, and review of the record and applicable law, we are not persuaded by any of plaintiff's arguments, which are reiterations of those raised to the trial court. Although plaintiff posits its arguments as challenging the court's legal conclusions, we are satisfied plaintiff is essentially challenging the court's factual findings and inferences and their application to the law. We do not "disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice...." Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484, 323 A.2d 495 (1974) (internal quotation marks and citation omitted).
Judge Winkelstein's opinions contain a comprehensive discussion of the facts, inferences drawn, and their application to the law. The judge set forth in detail the arguments advanced by plaintiff and his reasons for rejecting each argument, made credibility assessments where necessary, and explained his legal conclusions. We affirm substantially on the basis of the cogent and exhaustive opinions of Judge Winkelstein, which we have determined to be well supported by the evidence and legally unassailable. See ibid. (holding that "[f]indings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence").
Affirmed.
NOTES
[1] Mikalu, LLC, settled prior to trial and the suit against K. Hovnanian Shore Acquisitions, LLC was dismissed prior to trial. Therefore, Dock Street Seafood, Inc. and the City are the only parties to this appeal.
[2] Coastal Area Facility Review Act, N.J.S.A. 13:19-1 to -45.